**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:07 AM February 6, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BYRON E. YAMBRISAK, | ) | CASE NO. 11-62308 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor wants to reopen his chapter 7 case for the fourth time. No objections were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 7 case on July 14, 2011. The only secured claim listed on Schedule D was a mortgage claim to Ocwen Loan Servicing. However, he did list an open

1

foreclosure case prosecuted by TPI Asset Management LLC ("TPI") in the Statement of Financial Affairs. On October 12, 2011, TPI filed a notice of appearance in his case. The court issued a discharge on November 9, 2011 and the case was closed on November 17, 2011.

Debtor filed his first motion to reopen on March 7, 2012, opposed by TPI. The motion was withdrawn on May 7, 2012.

Debtor filed his second motion to reopen on September 4, 2012. The court granted it on March 11, 2013. After no action, the court re-closed the case on November 7, 2013.

Debtor filed his third motion to reopen, for the purpose of "stripping" liens, on June 10, 2015. The court granted the motion to reopen over TPI's objection. Debtor filed a motion to avoid TPI's lien on December 21, 2015 and TPI filed an objection. TPI attempted to withdrawal its response but there were procedural issues with the pleading. When the issues were not rectified, the court issued a notice of proposed dismissal of the motion for lack of prosecution on March 11, 2016. Neither party responded and the motion was dismissed on March 28, 2016. The case was re-closed on March 29, 2016.

Debtor filed his fourth motion to reopen on December 17, 2019. It is not opposed. The court requested additional information from Debtor, which he timely supplied. He desires to reopen to "address issues relating to avoiding a lien as well as resolve federal and state tax issues that were not address in the initial filing."

## DISCUSSION

The Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Because lien avoidance accords relief to a debtor, it can be grounds for reopening. In re McCoy, 560 B.R. 684 (B.A.P. 6th Cir. 2016); In re Oglesby, 519 B.R. 699 (Bankr. N.D. Ohio 2014); In re Tarkington, 301 B.R. 502 (Bankr. E.D. Tenn. 2003). The decision whether to reopen is left to the discretion of the court. Rosinski v. Boyd (In re Rosinski), 759 F.2d 539, 541 (6th Cir. 1985).

Laches may prevent reopening. Kavanagh v. Kayes (In re Fair Creamery Co.), 193 F.2d 5 (6th Cir. 1952); In re Yonish, 2016 WL 832582 (B.A.P. 6th Cir. 2016). Two elements must be present to bar reopening under the doctrine of laches: '(1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party.' Yonish at * 3 (citing EEOC v. Watkins Motor Lines, Inc., 463 F.3d 436, 439 (6th Cir. 2006) (citation omitted)). Unreasonable delay is amply demonstrated in this case. Debtor comes to this court eight years after his original filing to seek relief that was available in that case.

Although no party objected to the motion to reopen, that fact speaks to one of the court's primary concerns about the prejudice to other parties. Debtor's supplemental response to the motion to reopen states he has "spent considerable time trying to contact Newburyport Capitol, LLC, from Kentucky as well as Attorney Bryan Johnson and Attorney Michael Linden."

2

11-62308-rk    Doc 67    FILED 02/06/20    ENTERED 02/06/20 11:27:58    Page 2 of 3

(Debtor's Supp. Resp. to M. Re-open Bankr. Case, ¶ 3, ECF No. 65)   These debts date back at least eight or nine years.   The debts may have been sold, the creditors may have ceased doing business, or counsel may no longer represent the creditor.   Necessary paperwork may not be available.   Plus, establishing the necessary valuations that support avoidance eight years later can be complicated and expensive.   See Matter of Caicedo, 159 B.R. 104 (Bankr. D. Conn. 1993) (denying motion to reopen to avoid a lien eight years after case filing).   At least one creditor, the Ohio Department of Taxation, has expended time and money in continued collection activity.   (Debtor's Supp. Resp., ¶ 2, ECF No. 65)   An inherent risk of prejudice exists in now attempting to take action against any of the creditors from Debtor's 2011 case.

Debtor fully admits that these matters should have been addressed in the original case.   Although he intimates previous counsel was at fault, this court recently opined in a separate case that "debtors will generally be 'held accountable for the acts and omissions of their chosen counsel.'"   In re Karipides, Case No. 17-61935 (Bankr. N.D. Ohio 2020) (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. L.P., 507 U.S. 380, 397 (1993)).   Debtor's effort to deflect to previous counsel is therefore unavailing.   His knowledge of the issues, and lack of prompt action, work against him.   Matter of Biannuci, 4 F.3d 526 (7th Cir. 1993).   More importantly, Debtor's delay works against any parties who may have to defend his actions upon reopening.   The court finds sufficient prejudice to warrant application of laches.

Besides, this is Debtor's *fourth* motion to reopen.   Debtor voluntarily withdrew the first motion.   The second and third motions were granted but both demonstrate a lack of diligent prosecution by Debtor.   Based on this alone, Debtor fails to demonstrate cause, and good faith, for a fourth reopening.

Debtor's motion is denied.   A separate order will be issued immediately.

#     #     #

**Service List:**

Deborah L. Mack
53 E Main Street
Lexington, OH 44904

Byron E Yambrisak
586 Morgan Avenue
Mansfield, OH 44905